IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

J.D. and M.D.,                                OPINION AND ORDER
                                         Case No. 3:12-cv-02366-AA
        Plaintiffs,

    v.

WEST LINN-WILSONVILLE SCHOOL
DISTRICT,

        Defendant.
_____

Diane Wiscarson
WISCARSON LAW
A Professional Corporation
510 S.W. 3rd Avenue, Suite 439
Portland, Oregon 97204
    Attorney for Plaintiffs

Richard G. Cohn-Lee
Andrea L. Hungerford
THE HUNGERFORD LAW FIRM
P.O. Box 3010
Oregon City, Oregon 97045
    Attorneys for Defendant

AIKEN, Chief Judge:

    This matter comes before the Court on the Motion to Stay filed

Page 1 - OPINION AND ORDER

by defendant West Linn-Wilsonville School District. For the reasons that follow, this Court GRANTS defendant's Motion.

### Background

On August 15, 2011, plaintiffs filed a Due Process Complaint with the Oregon Department of Education against defendant concerning the education of their minor child. After an administrative hearing, Administrative Law Judge Ken Betterton ("ALJ") issued a final order finding that defendant had violated the Individuals with Disabilities Education Act ("IDEA") in certain respects.

On December 31, 2012, defendant filed an appeal of the ALJ's decision, which is currently pending before Magistrate Judge Janice M. Stewart. West Linn-Wilsonville School District v. Student, Case No. 3:12-cv-02364-ST. On the same day, plaintiffs filed the fee petition at issue in this case, seeking recovery of attorneys' fees and costs stemming from the administrative proceeding and the ALJ's decision currently on appeal.

On March 1, 2013, defendant filed a Motion to Stay proceedings in this case pending the outcome of the appeal proceeding before Magistrate Judge Stewart.

### Standards

This Court "possesses the inherent power to control its own docket and calendar." Mediterranean Enter., Inc. v. Ssangyong Corp., 708 F.2d 1458, 1465 (9th Cir. 1983) (citing Landis v. N. Am.

Page 2 - OPINION AND ORDER

Co., 299 U.S. 248, 254-55 (1936)). A trial court may exercise its discretion by finding it is "efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." <u>Leyva v. Certified Grocers of Cal., Ltd.</u>, 593 F.2d 857, 863-64 (9th Cir. 1979) (citing <u>Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co.</u>, 342 U.S. 180 (1952)).

The Ninth Circuit has articulated three factors that must be weighed when considering whether to grant a stay: 1) the possible damage which may result from granting the stay; 2) the hardship or inequity which a party may suffer if required to go forward; and 3) whether the stay would further the "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law" which could result from a stay. <u>CMAX, Inc. v. Hall</u>, 300 F.2d 265, 268 (9th Cir. 1962).

### Discussion

Defendant contends that this fee petition matter should be stayed pending resolution of the substantive issues underlying its appeal. Defendant asserts that all three factors outlined in <u>CMAX</u> weigh in favor of granting the stay, arguing that: 1) a stay would cause a delay of a matter of months, resulting in minimal damage to plaintiffs; 2) requiring the parties to go forward would cause confusion and duplication of efforts by the parties and would significantly increase the time and expense of motions and related

Page 3 - OPINION AND ORDER

proceedings; and 3) a stay would greatly simplify and streamline the proceedings for both the Court and the parties.

Plaintiffs oppose defendant's motion, arguing that all three factors weigh against granting the stay. Plaintiffs contend that: 1) resolution of defendant's appeal could take months, if not years, which would cause significant delay in the payment of attorney fees and undue damage to plaintiffs; 2) requiring the parties to go forward would cause negligible hardship because there is no risk of duplicative litigation and any hardship on defendant in seeking reimbursement of fees would be minimal; and 3) a stay would not serve to meaningfully simplify any of the issues, proof or questions of law involved in the fee petition; and even if it did, the harm to plaintiffs outweighs that benefit.

I find that consideration of the CMAX factors weighs in favor of a stay. Although plaintiffs have the right to have their case heard as expeditiously as possible, that right is outweighed by the fact that defendant's appeal may clarify, if not resolve, issues related to plaintiffs' fee petition. See Cohen v. Carreon, 94 F. Supp. 2d 1112, 1117 (D. Or. 2000) (finding that the benefit of waiting several months for a decision which could limit or preclude the plaintiff's claims outweighed the plaintiff's right to have his case heard expeditiously). Plaintiffs argue that Cohen is distinguishable from this case because Cohen dealt with a delay of several months, whereas defendant's appeal could take much longer,

Page 4 - OPINION AND ORDER

possibly years, before a resolution is reached. However, plaintiffs' argument is not well founded. In the appeal before Magistrate Judge Stewart, the parties have already met for their Rule 16 scheduling and planning conference and have set a briefing schedule. Case No. 3:12-cv-02364-ST, doc. 10. If a stay is granted until defendant's appeal is resolved, this case likely will be delayed for a few months, not years.

Moreover, even if defendant's appeal lasts longer than several months, case law from this district has held that a stay of attorneys' fees in an IDEA case is appropriate pending an appeal of the underlying merits. Lucht v. Molalla River School Dist., 63 F. Supp. 2d 1256, 1257 (D. Or. 1999) (defendant school district was entitled to stay enforcement of an attorney fee award in an action under the IDEA while defendant appealed to the Ninth Circuit). As a result, in the absence of a stay, the Court would be inclined to delay enforcement of any fee award until resolution of defendant's appeal. Therefore, this Court finds that delaying consideration of plaintiffs' fee petition would result in minimal damage or hardship to plaintiffs.

I further find that a stay would simplify the issues in this case. District courts may award reasonable attorneys' fees "to a prevailing party" in any action or proceeding brought under the IDEA. See 20 U.S.C. § 1415(i)(3)(B)(i)(I). If resolution of defendant's appeal overturns some or all of the ALJ's rulings,

Page 5 - OPINION AND ORDER

plaintiffs' designation as a prevailing party may change and their ability to recover attorneys' fees may be altered. Therefore, it makes logical sense to resolve defendant's appeal first, because that decision could materially impact the Court's analysis of the pending fee petition.

If the motion to stay is declined, however, both parties would be required to litigate simultaneously the issue of attorneys' fees and the merits of the appeal. Further, if a ruling on the fee petition was issued and the ALJ's ruling was subsequently overturned or modified, the analysis for recovery of attorneys' fees would change and require a second round of briefing and issuance of a second opinion. Such an outcome would cause duplicative litigation and significant expense and hardship on the parties. The issues could become further complicated if this case proceeded and defendant was ordered to pay attorneys' fees and costs, only to later prevail on appeal and be entitled to reimbursement from plaintiffs for some or all of the fees paid.

In sum, granting the stay would streamline the proceedings and simplify the issues, proof, and questions of law involved in determining the fee petition, while causing minimal hardship or damage to plaintiffs. Thus, the Court concludes - in the exercise of its inherent case-management authority and discretion - that the relevant factors weigh in favor of staying this matter pending a decision on the merits of defendant's appeal.

## Conclusion

For these reasons, defendant's Motion to Stay (doc. 8) is GRANTED and this action is HEREBY STAYED until further order of the Court. Defendant's request for oral argument is DENIED as unnecessary.

IT IS SO ORDERED.

Dated this 14 day of May 2013.

_____
Ann Aiken
United States District Judge